[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 51.]

THE STATE EX REL. NEUMEYER, APPELLEE AND CROSS-APPELLANT, *v.*

INDUSTRIAL COMMISSION OF OHIO, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex. rel. Neumeyer v. Indus. Comm.*, 1996-Ohio-115.]

*Workers' compensation—Industrial Commission does not abuse its discretion in basing a permanent partial disability award solely on medical and clinical findings that are reasonably demonstrable.*

(No. 94-2755—Submitted June 5, 1996—Decided July 3, 1996.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Franklin County, No. 93AP-831.

————————————

{¶ 1} In 1979, appellee and cross-appellant, claimant Robert K. Neumeyer, was injured in the course of and arising from his employment with R.H. Penick. His workers' compensation claim was allowed for "fracture left femur comminuted subtrochanteric spasm," and claimant eventually filed an "Application for the Determination of the Percentage of Permanent Partial Disability" with the appellant and cross-appellee, Industrial Commission of Ohio.

{¶ 2} Among the evidence before the commission were the reports of commission specialist Dr. Thomas H. Baughman and consulting physician Dr. Timothy R. Gatens. Dr. Baughman assessed a ten percent permanent partial impairment. Dr. Gatens did not comment on the percent of impairment, but did note that claimant "has had remarkable improvement in his pain and increase in his activity level."

{¶ 3} After protracted administrative and judicial proceedings, a commission district hearing officer found a ten percent permanent partial disability. That order was administratively affirmed. The commission staff hearing officer wrote:

"It is the finding of the Staff Hearing Officer that the Application for Reconsideration be denied and the order of the District Hearing Officer, dated 12-12-90, be affirmed for the reason that is supported by proof of record and is not contrary to law.

"This order is based upon the report of Dr. Baughman, as well as a consideration of the claimant's non-medical disability factors of age 48, high school diploma and prior work experience of laborer in a meat market, apprenticeship program in plumbing and twelve years as a plumber and work as an oil field worker.

"The statement of R.H. Penick, claimant's employer, and testimony of the claimant concerning disability above Dr. Baughman's ten percent (10%) impairment rating were also considered. It is found the increased disability alleged by the claimant is not evidenced by medical or clinical findings reasonably demonstrable as required by O.R.C. 4123.57. Dr. Gatens reported on 12-17-90 that neurologically, the left leg is intact and extensive medical work-up showed no problems with the fracture site or any tumor or any other problems going on that might be causing his left leg pain."

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in failing to find a higher percentage of permanent partial disability. The court of appeals agreed and returned the cause to the commission for further consideration and amended order.

{¶ 5} This cause is now before this court upon an appeal and cross-appeal as of right.

———————————

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for appellee and cross-appellant.

*Betty D. Montgomery*, Attorney General, and *William McDonald*, Assistant Attorney General, for appellant and cross-appellee.

————————————

***Per Curiam.***

{¶ 6} On authority of our decision in *State ex rel. Holman v. Longfellow Restaurant.* (1996), 76 Ohio St.3d 44, 665 N.E.2d 1123, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., PFEIFER, COOK and STRATTON, JJ., concur.

DOUGLAS, J., dissents.

RESNICK and F.E. SWEENEY, JJ., dissent and would affirm the judgment of the court of appeals.

————————————